**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NUMBER 1:19-CR-69** |
| **v.** | § | |
| | § | |
| | § | |
| **BERNARD JAMES BELL JR.** | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT**
**FOR OFFENDER UNDER SUPERVISION**

Pending is a "First Amended Petition for Warrant or Summons for Offender Under Supervision" filed September 3, 2025, alleging that the Defendant, James Bernard Bell Jr., violated his conditions of supervised release.  This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law.  *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59.

**I.  The Original Conviction and Sentence**

Bell was sentenced on February 19, 2020, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Possession of a Firearm by a Prohibited Person, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of V, was 57 to 71 months. Bell was subsequently sentenced to 71 months imprisonment followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; drug aftercare; no

use or possession of any psychoactive substances; and a $100 special assessment.

## II.  The Period of Supervision

On June 18, 2025, Bell's conditions of supervision were modified to include 180-day placement in a residential reentry center, and to abide by the rules of the center.  On July 5, 2024, Bell completed his period of imprisonment and began service of the supervision term.

## III.  The Petition

United States Probation filed the First Amended Petition for Warrant for Offender Under Supervision raising ten allegations.   The petition alleges that Bell violated the following conditions of release:

Allegation 1. The Defendant shall not commit another federal, state, or local crime.

Allegation 2. The Defendant shall not commit another federal, state, or local crime.

Allegation 3. The Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

Allegation 4. The Defendant shall report to the probation officer as directed by the court and submit a truthful and complete written report within the first five days of each month.

Allegation 5. The Defendant shall not commit another federal, state, or local crime.

Allegation 6.  The Defendant must refrain from the unlawful use of any controlled substance.

Allegation 7. The Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

Allegation 8.  The Defendant must answer truthfully the questions asked by his probation officer.

Allegation 9. The Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.

Allegation 10.  The Defendant must reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180-days to commence immediately.

## IV.  Proceedings

On September 4, 2025, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement to a recommended disposition regarding the revocation.  The Defendant agreed to plead "true" to the sixth allegation that he tested positive for the unlawful use of a controlled substance    In return, the parties agreed that he should serve a term of twenty months' imprisonment, which includes his unserved community confinement, with no supervised release to follow.

## V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve

on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case.  The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to refrain from the unlawful use of a controlled substance, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of V, the policy statement imprisonment range is 7 to 13  months.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

U.S.S.G. § 7B1.3(c)(3) indicates in the case of a revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent

---

1.  All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding.  *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

confinement, or home detention, use of the same or a less restrictive sanction is not recommended.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense; *see* 18 U.S.C. § 3553(a)(7).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he tested positive for the unlawful use of a controlled substance and violated a mandatory condition of release. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation, and the criminal history category is

V.  The policy statement range in the Guidelines Manual is 7 to 13  months.  The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 20 months (which includes 171 days of unserved community confinement converted to an equivalent term of imprisonment), with no supervised release to follow.

## VII.  Recommendations

The court should find that the Defendant violated the sixth allegation in the petition.  The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583.  The Defendant should be sentenced to a term of 20 months' imprisonment (which includes  171 days' unserved community confinement converted to an equivalent term of imprisonment), with no supervised release to follow.  The Defendant requested to serve his prison term at the Federal Correctional Institution in Pollock, Louisiana.   The Defendant's request should be accommodated, if possible.

## VIII.  Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable).  The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court

imposes the recommended sentence.    Therefore, the court may act on this report and recommendation immediately.

SIGNED this 8th day of September, 2025.

_____
Zack Hawthorn
United States Magistrate Judge